UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK H.. HOWARD, <br> GRAPHIC COMMUNICATIONS UNION <br> LOCAL 17-M PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> ZIMMER PAPER PRODUCTS OF <br> DELAWARE LLC, <br><br> Defendant. | 1:13-cv-00803-RLY-MJD |

**ENTRY OF DEFAULT JUDGMENT**

Plaintiff, Graphic Communications Union Local 17-M Pension Fund (the Fund") is a multi-employer pension plan as defined in Section 3(37) of the Employee Retirement Income Security Act of 1974, as amended. Plaintiff Mark Howard is a Trustee of the Fund. Plaintiffs brought suit against Defendant, Zimmer Paper Products of Delaware LLC, a former participant in the Fund, after it failed to make its withdrawal liability payments. The Clerk of Court entered default on February 18, 2014. Plaintiffs now request that the court enter default judgment. For the reasons stated below, the court **GRANTS** that motion.

I.    Standard

Once the Clerk enters default under Federal Rule of Civil Procedure 55(a), the court has the power and discretion to enter a default judgment under Federal Rule of Civil Procedure 55(b). *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, No.

1

2:09-cv-147-PPS-PRC, 2010 WL 1541188, \* 1 (N.D. Ind. Apr. 15, 2010) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 988 F.2d 1394, 1398 (7th Cir. 1993)). Default judgment is not entered as a matter of right. *See Witzlib v. Cohen*, No. 08c0342, 2009 WL 4030485, \*1 (E.D. Wis. Nov. 20, 2009). An entry of default judgment "establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United Sates v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

In determining if default judgment is appropriate, the court should consider such factors as "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt." *Id.* (citing 10A C. Wright et. al. *Federal Practice and Procedure* § 2685 (3d ed. 1998).

**II.     Discussion**

Considering the above factors, the court finds an entry of default judgment is appropriate here. Nevertheless, the well-pled allegations of the complaint relating to the amount of damages suffered ordinarily are not taken as true. *See Wehrs*, 688 F.3d at 892. The plaintiff must prove damages. *Id.*

Plaintiffs seek to recover the sum of $458,000 as the present value of the indebtedness to the Fund and an additional $2,226 in attorney's fees and costs. In support of the amount of $458,000, Plaintiffs submitted an affidavit of Steven J. Mikkalo, an actuary at Milliman, Inc. (Affidavit of Steven J. Mikkalo ("Mikkalo Aff.") ¶ 1, Filing No. 29-1, at

2

ECF p. 1). He states that after taking into account the payments which Defendant already made, the present value of the remaining withdrawal liability of Defendant is $458,000. (*Id.* at ¶ 5, Filing No. 29-1, at ECF p. 2). The court has no reason to doubt Mr. Mikkalo's expert calculations and finds that this is the true amount of damages suffered by Plaintiffs. Additionally, the court finds that Plaintiffs are entitled to a reasonable attorney's fee of $2,226.00 under 29 U.S.C. § 1132(g)(2).

### III. Conclusion

The court finds that default judgment is appropriate here, and Plaintiffs have satisfied their burden to prove damages. Therefore, the court **GRANTS** Plaintiff's Motion (Filing No. 29) and **ORDERS** Defendant to pay the sum of $460,226.00 to the Fund.

**SO ORDERED** this 7th day of April 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.